1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EVAMARIE ALIRES-ALCALA, et al.,

11            Plaintiffs,                    No. CIV S-12-0683 JAM DAD PS

12        v.

13   SACRAMENTO COUNTY, et al.,        ORDER

14            Defendants.

15   _____/

16            Plaintiffs Evamarie Alires-Alcala, and minors G. M. and M. A. are proceeding pro

17   se with this action. The case has been referred to the undersigned in accordance with Local Rule

18   302(c)(21) and 28 U.S.C. § 636(b)(1).

19            A filing fee of $350.00 is required to commence a civil action in a federal district

20   court.  28 U.S.C. § 1914(a).  The court may authorize the commencement of an action without

21   prepayment of fees or security therefor by a litigant who submits an affidavit demonstrating

22   inability to pay.  28 U.S.C. § 1915(a).  Plaintiff Evamarie Alires-Alcala has submitted an

23   application to proceed in forma pauperis.  (Doc. No. 2.)  The undersigned finds that plaintiff

24   Evamarie Alires-Alcala's in forma pauperis application makes the showing required by the

25   statute.  Accordingly, plaintiff Evamarie Alires-Alcala's request to proceed in forma pauperis

26   will be granted.

1    However, plaintiffs are advised that each plaintiff must file their own separate

2    application to proceed in forma pauperis, since filing fees must be paid unless each plaintiff

3    applies for and is granted leave to proceed in forma pauperis.  Therefore, plaintiff G. M. and

4    plaintiff M. A. must each file their own separate application to proceed in forma pauperis.

5    Moreover, pursuant to 28 U.S.C. § 1915(e)(2), the court must dismiss the

6    complaint at any time if the court determines that the pleading is frivolous or malicious, fails to

7    state a claim on which relief may be granted, or seeks monetary relief against an immune

8    defendant.  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.

9    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

10   (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is

11   based on an indisputably meritless legal theory or where the factual contentions are clearly

12   baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

13   To state a claim on which relief may be granted, the plaintiff must allege "enough

14   facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550

15   U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court

16   accepts as true the material allegations in the complaint and construes the allegations in the light

17   most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg.

18   Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242,

19   1245 (9th Cir. 1989).  The court need not accept as true conclusory allegations, unreasonable

20   inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,

21   624 (9th Cir. 1981).  Pro se pleadings are held to a less stringent standard than those drafted by

22   lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

23   The minimum requirements for a civil complaint in federal court are as follows:

24   A pleading which sets forth a claim for relief . . . shall contain (1) a
     short and plain statement of the grounds upon which the court's

25   jurisdiction depends . . . , (2) a short and plain statement of the
     claim showing that the pleader is entitled to relief, and (3) a

26   demand for judgment for the relief the pleader seeks.

1    Fed. R. Civ. P. 8(a).  Although the Federal Rules adopt a flexible pleading policy, a complaint

2    must give fair notice to the defendants and allege facts that state the elements of the claims both

3    plainly and succinctly.  See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir.

4    1984).  A plaintiff must allege with at least some degree of particularity specific acts which each

5    defendant engaged in that support the plaintiff's claims.  See id.

6           Here, plaintiff Evamarie Alires-Alcala is proceeding on behalf of herself and her

7    minor children G. M. and M. A.  (Compl. (Doc. No. 1) at 3.)  As noted above, plaintiffs are

8    proceeding pro se.  The right to represent oneself pro se is personal to the plaintiff and does not

9    extend to other parties. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); Russell

10   v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no

11   authority to represent anyone other than himself.")  Thus, "a parent or guardian cannot bring an

12   action on behalf of a minor child without retaining a lawyer." Johns v. County of San Diego, 114

13   F.3d 874, 877 (9th Cir. 1997).  "'[I]t is not in the interest of minors . . . that they be represented

14   by non-attorneys.  Where they have claims that require adjudication, they are entitled to trained

15   legal assistance so their rights may be fully protected.'"  Id. at 876-77 (quoting Osei-Afriyie v.

16   Medical College, 937 F.2d 876, 882-83 (3d Cir. 1991)).  In this regard, plaintiff's G. M. and M.

17   A. must be represented by counsel if this action is to proceed on their behalf.

18          Turning to the substance of the complaint, plaintiffs allege that on November 28,

19   2010, defendants violated their rights under the Fourth Amendment, the Eighth Amendment and

20   the Fourteenth Amendment during the course of the arrest and detention of plaintiff Evamarie

21   Alires-Alcala.  (Comp. (Doc. No. 1) at 2-3.

22          A litigant who complains of a violation of a constitutional right does not have a

23   cause of action directly under the United States Constitution.  Livadas v. Bradshaw, 512 U.S.

24   107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action for

25   the deprivation of rights secured by the United States Constitution); Chapman v. Houston

26   Welfare Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to

1   create a private cause of action for violations of the United States Constitution); Azul-Pacifico,

2   Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action

3   directly under the United States Constitution.").

4             Title 42 U.S.C. § 1983 provides that,

5         [e]very person who, under color of [state law] . . . subjects, or
            causes to be subjected, any citizen of the United States . . . to the

6         deprivation of any rights, privileges, or immunities secured by the
            Constitution and laws, shall be liable to the party injured in an

7         action at law, suit in equity, or other proper proceeding for redress.

8             In order to state a cognizable claim under § 1983 the plaintiff must allege facts

9   demonstrating that she was deprived of a right secured by the Constitution or laws of the United

10   States and that the deprivation was committed by a person acting under color of state law.  West

11   v. Atkins, 487 U.S. 42, 48 (1988).  It is the plaintiff's burden in bringing a claim under § 1983 to

12   allege, and ultimately establish, that the named defendants were acting under color of state law

13   when they deprived her of a federal right.  Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

14             The statute requires that there be an actual connection or link between the actions

15   of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

16   Dep't of Soc. Servs. City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

17   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

18   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

19   omits to perform an act which he is legally required to do that causes the deprivation of which

20   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

21             Moreover, supervisory personnel are generally not liable under § 1983 for the

22   actions of their employees under a theory of respondeat superior and, therefore, when a named

23   defendant holds a supervisorial position, the causal link between him and the claimed

24   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

25   (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

26   allegations concerning the involvement of official personnel in civil rights violations are not

1  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2          Here, the complaint names as defendants Sacramento County and the Sacramento

3  County Jail, as well as two individual defendants.  These two public entities, however, cannot be

4  held liable for an injury inflicted solely by an employee under a theory of respondeat superior.

5  Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell, 436 U.S. at 691; Gibson v. County of

6  Washoe, Nev., 290 F.3d 1175, 1185 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003)

7  (describing the two routes to municipal liability as being where a municipality's official policy,

8  regulation or decision violated plaintiff's rights or, alternatively, where a municipality failed to

9  act under circumstances showing its deliberate indifference to plaintiff's rights.).

10          "To establish municipal liability under § 1983, a plaintiff must show that (1) she

11  was deprived of a constitutional right; (2) the County had a policy; (3) the policy amounted to a

12  deliberate indifference to her constitutional right; and (4) the policy was the moving force behind

13  the constitutional violation."  Burke v. County of Alameda, 586 F.3d 725, 734 (9th Cir. 2009)

14  (internal quotation marks omitted).  "Liability will lie against a municipal entity under § 1983

15  only if a plaintiff shows that his constitutional injury was caused by employees acting pursuant to

16  an official policy or longstanding practice or custom, or that the injury was caused or ratified by

17  an individual with final policy-making authority."  Chudacoff v. Univ. Med. Ctr. of S. Nev., 649

18  F.3d 1143, 1151 (9th Cir. 2011) (internal quotation marks and citation omitted).  See also

19  Monell, 436 U.S. at 694.

20          Accordingly, for the reasons stated above, plaintiffs' complaint will be dismissed.

21  Plaintiffs will be granted leave to file an amended complaint if they wish to attempt to cure the

22  defects noted above.  Plaintiffs are cautioned, however, that if they (or any one of them) elects to

23  file an amended complaint "the tenet that a court must accept as true all of the allegations

24  contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements

25  of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal,

26  556 U.S. 662,___, 129 S. Ct. 1937, 1949 (2009).  "While legal conclusions can provide the

1  complaint's framework, they must be supported by factual allegations." Id. at 1950.  Those facts

2  must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at

3  1951 (quoting Twombly, 550 U.S. at 557).

4         Plaintiffs are also reminded that the court cannot refer to a prior pleading in order

5  to make an amended complaint complete.  Local Rule 220 requires that any amended complaint

6  be complete in itself without reference to prior pleadings.  The amended complaint will

7  supersede the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in

8  an amended complaint, just as if it were the initial complaint filed in the case, each defendant

9  must be listed in the caption and identified in the body of the complaint, and each claim and the

10 involvement of each defendant must be sufficiently alleged.  Plaintiffs' amended complaint must

11 include concise but complete factual allegations describing the conduct and events which

12 underlie plaintiffs' claims.

13        Accordingly, IT IS HEREBY ORDERED that:

14        1.  Plaintiff Evamarie Alires-Alcala's March 19, 2012 application to proceed in

15 forma pauperis (Doc. No. 2) is granted;

16        2.  The complaint filed March 19, 2012 (Doc. No. 1) is dismissed with leave to

17 amend;

18        3.  Within thirty (30) days from the date of this order, an amended complaint shall

19 be filed that cures the defects noted in this order and complies with the Federal Rules of Civil

20 Procedure and the Local Rules of Practice.  The amended complaint must bear the case number

21 assigned to this action and must be titled "Amended Complaint";

22        4.  If plaintiffs elect to file an Amended Complaint, plaintiff G. M. plaintiff M. A.

23 shall each file a complete motion to proceed in forma pauperis together with the amended

24 complaint; and

25 /////

26 /////

5.  Failure to respond to this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: May 10, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\alcala0683.lta.ord

7